IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE PLUMBERS AND )
PIPEFITTERS NATIONAL PENSION )
FUND ET AL., )
            )
    Plaintiffs, )
            )
v.           )  Civil Action No. 1:13-cv-1143 (JCC/TRJ)
            )
CHANEY, INC., )
            )
    Defendant. )
            )

## REPORT AND RECOMMENDATION

This case is before the court on plaintiffs' motion for default judgment (no. 8) against defendant Chaney Incorporated ("Chaney"). On September 11, 2013, plaintiffs filed a three-count complaint against defendant for its failure to make contributions owed to two employee benefit funds, the National Pension Fund and the International Training Fund (collectively referred to as the "Funds"), as required by a collective bargaining agreement (no. 1, Compl. ¶¶ 10, 16). On September 23, 2013, defendant's registered agent was served by a private process server (no. 4). The Clerk entered default against defendant on November 19, 2013 (no. 7). To date, defendant has not entered an appearance and has filed no responsive pleadings in this case.

### Jurisdiction and Venue

The court has federal question subject matter jurisdiction under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145) and under Section 301 of the Labor Management Relations Act ( 29 U.S.C §§ 185(a) and (c)).

This court has personal jurisdiction over defendant pursuant to Section 502 of ERISA (29 U.S.C. § 1132(e)(2)) and Section 301(c) of the LMRA (29 U.S.C §185(c)). Venue is proper in this court under 29 U.S.C. § 1451(d) as the funds are administered in this district. Compl. ¶¶ 1, 2.

## Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and defendant has failed to plead or defend within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp.1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55. By defaulting, a defendant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). See also *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts). As defendant has not timely answered or filed any responsive pleadings in this case, defendant Chaney has admitted the well-pled allegations of facts contained in the complaint.

## Fact Summary

Plaintiffs are trustees of multi-employer employee benefit plans, the National Pension Fund and the International Training Fund, as defined in 29 U.S.C. §§ 1002(3) and (37). Compl. ¶¶ 1, 2. The Funds are established and maintained pursuant to a Restated Agreement, Declaration of Trust and Collective Bargaining Agreement between the United Association Local Union No. 441 ("Local 441") and defendant. *Id.*

Defendant Chaney is a corporation existing under the laws of Kansas. Compl. ¶ 3.

Defendant transacts business as a contractor or subcontractor in the plumbing and pipefitting industry. *Id.* At all times herein, defendant was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the LMRA; 29 U.S.C. §§ 142(1), (3) and 152(2); 29 U.S.C. § 1002(5), (9), (11), (12), and (14)); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. § 1001(a)). *Id.*

Defendant is a signatory to the collective bargaining agreement ("Agreement"), with Local Union No. 441, which establishes the terms and conditions of employment for journeymen, apprentice plumbers and pipefitters employed by defendant. Compl. ¶ 5. Pursuant to the Agreement, defendant was obligated to pay the National Pension Fund and the International Training Fund certain sums of money for each hour worked by defendant employees covered by the collective bargaining agreement. Compl. ¶¶ 6-7.

Defendant has failed to make contributions owed and still due to both funds. Compl. ¶¶ 9, 16. Specifically, defendant has failed to make contributions to the National Pension Fund in the amount of $27,591.03 for work performed at defendant's request for the months of May 2013 through July 2013 on behalf of Local 441 members. Compl. ¶¶ 9, 10. Also, defendant has failed to make contributions to the International Training Fund in the amount of $666.45 for the months of May 2013 through July 2013. Compl. ¶ 17. Defendant's repeated failure to submit timely reports and make such contributions to both funds is in direct violation of the terms of the collective bargaining agreement, restated agreements and declaration of trust which obligate defendant to pay contributions owed to the Funds. Compl. ¶¶ 11, 12, 20, 25.

## Discussion and Findings

The magistrate judge finds that the well-pled facts in the complaint along with plaintiffs' supporting documents establish that plaintiffs are entitled to default judgment in its favor against

defendant for its failure to make contributions owed to the Funds on behalf of Local 441 members. Defendant is in violation of ERISA and the terms of the Funds' agreements. Pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), employers must comply with their obligations to make fund contributions as required by collective bargaining agreements or multi-employer plans. 29 U.S.C. § 1145. Accordingly, pursuant to the terms of the Agreement and 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)), plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages; (3) interest on contributions which were paid late or remain unpaid; and (4) reasonable attorneys' fees and costs. William T. Sweeney, Jr., the Administrator of the National Pension Fund, has submitted affidavits on behalf of the individual plaintiffs setting forth the specific amounts owed by defendant to the National Pension Fund and the International Training Fund. Based on plaintiffs' complaint, exhibits, and affidavits in support, the magistrate judge finds that plaintiffs are collectively entitled to entry of default in the total amount of $34,454.36.

*1. Contributions Owed, Interest, and Liquidated Damages*

**a. National Pension Fund**

The magistrate judge finds that defendant failed to make contributions owed to the National Pension Fund for the months of May 2013 through July 2013 in the amount of $27,591.03 based on reports submitted by defendant. Aff. of William T. Sweeney, Jr. (no. 9-1) ¶¶ 5-6, Appx. 1. As for liquidated damages, Article VI, Section 5 of Trust Agreements establishing the National Pension Fund provide that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages "in the amount of 10% of the amount due if payment is not received by the due date..." See Compl. ¶ 13. Since defendant has not timely paid contributions for these months, the

magistrate judge finds that defendant is obligated to pay the National Pension Fund liquidated damages in the amount of $2,759.10 which represents 10% of the total amount of delinquent contributions for the months of May 2013 through July 2013. Aff. of William T. Sweeney, Jr. (no. 9-1) ¶ 10; Appx. 1. Under 29 U.S.C. § 1132(g)(2)(C)(i), the National Pension Fund is also entitled to $1,262.70 in interest assessed at the rate of 12% per annum from the due date through December 6, 2013[1] and accruing until the date of payment pursuant to the Trust Agreement.[2] *Id.*

### b. International Training Fund

The magistrate judge finds that defendant failed to make contributions owed to the International Training Fund for the months of May 2013 through July 2013 in the amount of $666.45. Aff. of William T. Sweeney, Jr. (no. 9-2) ¶¶ 5-6; Appx. 1. Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing this fund, an employer who fails to pay the amounts required on time shall be obligated to pay "(1) liquidated damages for each monthly report or payment due in the amount of *twenty percent* (20%) of the amount due plus interest at a rate of twelve percent (12%) per annum…" Aff. of William T. Sweeney, Jr. (no. 9-2) ¶ 10. The magistrate judge finds that defendant has not made timely contributions to the International Training Fund for these months and accordingly finds that defendant is obligated to pay liquidated damages for delinquent contributions in the amount of $133.29. Furthermore, pursuant to 29 U.S.C. § 1132(g)(2)(C)(i), defendant owes the International Training Fund interest in the amount of $30.50 assessed from the due date through December 6, 2013 and accruing at the rate of 12% annum through the date of payment in accordance with the Trust

---

[1] Plaintiff's Motion Default Judgment was heard before the court on December 6, 2013 (no. 6).
[2] *See* Article VI, Section 5 of the Restated Agreement establishing the National Pension Fund. Aff. of William T. Sweeney, Jr. (no. 9-1) ¶ 10.

Case 1:13-cv-01143-JCC-TRJ Document 12 Filed 12/16/13 Page 6 of 8 PageID# 59

Agreement[3]. *Id.* at ¶¶ 10-12.

In sum, the following amounts are due and owed by defendant for delinquent contributions, liquidated damages, and interest for the months of May 2013 through July 2013:

| Funds | Delinquent Contributions | Liquidated Damages | Interest[4] | Total |
|---|---|---|---|---|
| National Pension Fund | $27,591.03 | $2,759.10 | $1,262.70 | $31,612.83 |
| International Training Fund | $666.45 | $133.29 | $30.50 | $830.24 |
|  | $28,257.48 | $2,892.39 | $1,293.20 | $32,443.07 |

### 2. Attorneys' Fees and Costs

The magistrate judge finds that plaintiffs are entitled to reasonable attorneys' fees and costs in the amount of $2011.29. ERISA statutorily provides that a court shall award reasonable attorney's fees and costs, paid by defendant, when judgment is awarded in favor of the plan as a result of defendant's delinquent contributions.[5] Plaintiffs' counsel, John Harney, avers under oath that the following is a true and accurate representation of the attorneys' fees and costs incurred in this proceeding and seeks that costs and attorneys' fees be payable to the National Pension Fund. *See* Decl. of Attorney's Fees (no. 9-3); Appx. 1; Mem. of in Sup. Of Def. J. at 2-3.

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate | Time Spent | Amount |
| Counsel | $250.00 | 1.25 | $312.50 |
| Paralegals | $150.00 | 7.25 | $1,087.50 |
| **Total** |  | 8.5 | $1,400.00 |

---

[3] *See* Article VI, Section 6 of the Restated Agreement establishing the International Training Fund. Aff. of William T. Sweeney, Jr. (no. 9-2) ¶ 10.
[4] Interest was assessed at the rate of 12% per annum from the date due through December 6, 2013. Mem. of in Sup. Of Def. J. at 2. *See* Aff. of William T. Sweeney, Jr. (no. 9-1) ¶ 3.
[5] 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)).

6

Agreement[3]. *Id.* at ¶¶ 10-12.

In sum, the following amounts are due and owed by defendant for delinquent contributions, liquidated damages, and interest for the months of May 2013 through July 2013:

| Funds | Delinquent Contributions | Liquidated Damages | Interest[4] | Total |
|---|---|---|---|---|
| National Pension Fund | $27,591.03 | $2,759.10 | $1,262.70 | $31,612.83 |
| International Training Fund | $666.45 | $133.29 | $30.50 | $830.24 |
|  | $28,257.48 | $2,892.39 | $1,293.20 | $32,443.07 |

### 2. Attorneys' Fees and Costs

The magistrate judge finds that plaintiffs are entitled to reasonable attorneys' fees and costs in the amount of $2011.29. ERISA statutorily provides that a court shall award reasonable attorney's fees and costs, paid by defendant, when judgment is awarded in favor of the plan as a result of defendant's delinquent contributions.[5] Plaintiffs' counsel, John Harney, avers under oath that the following is a true and accurate representation of the attorneys' fees and costs incurred in this proceeding and seeks that costs and attorneys' fees be payable to the National Pension Fund. *See* Decl. of Attorney's Fees (no. 9-3); Appx. 1; Mem. of in Sup. Of Def. J. at 2-3.

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate | Time Spent | Amount |
| Counsel | $250.00 | 1.25 | $312.50 |
| Paralegals | $150.00 | 7.25 | $1,087.50 |
| **Total** |  | 8.5 | $1,400.00 |

---

[3] *See* Article VI, Section 6 of the Restated Agreement establishing the International Training Fund. Aff. of William T. Sweeney, Jr. (no. 9-2) ¶ 10.
[4] Interest was assessed at the rate of 12% per annum from the date due through December 6, 2013. Mem. of in Sup. Of Def. J. at 2. *See* Aff. of William T. Sweeney, Jr. (no. 9-1) ¶ 3.
[5] 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)).

| Costs | |
|---|---|
| Filing Fee | $400.00 |
| Service of Process Fee | $110.00 |
| Computerized Research Fee | $101.29 |
| **TOTAL** | **$611.29** |

The magistrate judge has examined the record and finds that plaintiffs' attorneys' fees and costs are reasonable compensation for work necessarily expended to enforce plaintiffs' rights. In conclusion, the magistrate judge finds that plaintiffs are entitled to a default judgment in accordance with the following:

| Total Amount Due to Funds | | | |
|---|---|---|---|
| | **National Pension Fund** | **International Training Fund** | **Total** |
| **Delinquent Contributions** | $27,591.03 | $666.45 | $28,257.48 |
| **Liquidated Damages** | $2,759.10 | $133.29 | $2,892.39 |
| **Interest** | $1,262.70 | $30.50 | $1,293.20 |
| **Attorneys' Fees** | $1,400.00 | | $1,400.00 |
| **Costs** | $611.29 | | $611.29 |
| **Total** | $33,624.12 | $830.24 | $34,454.36 |

### Recommendation

The magistrate judge recommends that default judgment be entered against defendant Chaney in favor of plaintiffs in the amount of $34,454.36 which consists of $33,624.12 due to the National Pension Fund and $830.24 due to the International Training Fund including any additional interest on delinquent contributions accruing at twelve percent (12%) per annum from December 6, 2013 until full payment is made. Furthermore, the magistrate judge recommends that the court enjoins defendant from violating the terms of plaintiffs' employee benefit plans

and order that defendant timely submit contributions and reports to plaintiffs' funds pursuant to the agreement terms.[6]

### Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

December 16, 2013
Alexandria, Virginia

---

[6] Count III of plaintiffs' complaint seeks for the court to enjoin defendant from violating the terms of the employee benefit plans at issue. Compl. ¶ 22. This court has jurisdiction to enjoin defendant under §§502(a)(3) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3) and 1145.